

ENTERED
05/15/2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

```
                                  )
IN RE                             )
                                  )
LARRY J. ORTIZ,                   )   CASE NO. 10-80506-G3-13
                                  )
        Debtor,                   )
                                  )
```

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion of Dennis Mahoney for Determination That Claim Cannot Be Barred Due to Lack of Notice of Bar Date, Or, in the Alternative, for Enlargement of Time to Permit Filing of Proofs of Claim Instanter Pursuant to Fed. R. Bankr. P. 9006(b)" (Docket No. 38) and the "Motion to Dismiss" (Docket No. 39) filed by Dennis Mahoney. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

On August 27, 2010, Larry J. Ortiz ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

On the date of filing of the petition, Debtor filed Schedule A and Schedule D. Debtor's Schedule A, filed with the

petition, identified one parcel of real property, located at 2301 E. Mulberry, Angleton, TX.  Debtor's Schedule D, filed with the petition, identified one creditor, Greentree, with a lien on the property listed in Schedule A.  (Docket No. 1, at p. 5-6). Debtor testified at the hearing on the instant motions that the property located on E. Mulberry is his homestead.

In the schedules filed with the petition, Debtor did not list interests in property located in Oyster Creek, a development in Brazoria County, Texas, and did not list Dennis Mahoney as a creditor.

On March 6, 2006, Debtor executed a note payable to Mahoney, in the original principal amount of $31,500.  On March 23, 2006, Debtor executed a deed of trust with respect to Tract 4 in the Oyster Creek development. (Mahoney Exhibit 20).

Mahoney executed a deed conveying Tract 4 to Debtor on June 2, 2006.  (Debtor's Exhibit 4).

With respect to Tract 3 in the Oyster Creek development, Mahoney testified that he negotiated the sale of the tract to Debtor over the telephone, and thereafter mailed a letter to Debtor setting forth the terms of Debtor's purchase of Tract 3, and a proposed note and deed of trust for Debtor's signature.  The letter, which is in evidence, is dated March 17, 2007.  (Mahoney Exhibit 18).  Mahoney testified credibly that he

never received a copy of the proposed note and deed of trust which were to be signed by Debtor.

Debtor testified that he signed the note. He testified that he does not remember the date on which he signed the note. There is a note in evidence, bearing a preprinted date of March 17, 2007. (Debtor's Exhibit 5A). The court makes no finding at this time as to the date on which Debtor signed the note.

Mahoney testified that Debtor became delinquent on payments as to both tracts approximately one and one half to two years after the agreements were reached. He testified that he contacted Debtor for approximately one year after Debtor became delinquent, requesting that Debtor cure the arrearage on the notes.

Mahoney testified that, after Debtor did not cure the arrearage with respect to the two properties, he initiated foreclosure proceedings. He testified that he initiated a foreclosure as to Tract 4. He testified that, as to Tract 3, because he had not received a signed copy of the note, he initiated proceedings to cancel the contract.

Mahoney gave notice of foreclosure as to Tract 4 on July 25, 2010, for a foreclosure to take place on September 7, 2010. (Mahoney Exhibit 26). On or about the same date, Mahoney mailed to Debtor an undated handwritten note, stating in

pertinent part:  "I have already cancelled your contract on Tract 3.  You no longer own it."  (Debtor's Exhibit 7).[1]

Prior to the date set for the foreclosure of Tract 4, Debtor filed the petition in the instant case.  However, Debtor's initial schedules did not identify Mahoney as a creditor.

On September 7, 2010, the trustee under the deed of trust conducted a foreclosure sale of Tract 4.  Mahoney testified that the trustee under the deed of trust purchased the property for Mahoney.

On September 22, 2010, Debtor filed, <u>inter alia</u>, a list of creditors, amended Schedules A and D, and a plan and plan summary.  In the list of creditors filed on September 22, 2010, Debtor listed Mahoney as a creditor, and listed Mahoney's address to be 14302 Winding Springs Dr., Cypress, Texas, 77429-6119.  In the amended Schedule A, Debtor listed ownership of Tracts 3 and 4.  In the amended Schedule D, Debtor identified Mahoney as a creditor.  (Mahoney Exhibit 5).

On October 12, 2010, Debtor filed a certificate of service, stating that Debtor's Chapter 13 plan summary was served by first class mail on all parties on the attached service list, on October 6, 2010.  The service list attached to the certificate

---

[1] Although the letter is undated, the envelope bears a postmark of July 25, 2010.

4

of service indicates service on Mahoney at 14302 Winding Springs Dr., Cypress, Texas, 77429-6119.

At the hearing on the instant motion, Mahoney testified that his address is 14302 Winding Springs Dr., Cypress, Texas, 77429. He testified, however, that he did not receive the certificate of service, the plan summary, or any of the other documents filed in the case during 2010. The court finds Mahoney credible.

In Debtor's Chapter 13 plan, he provided for payment of a $9,000 arrearage claim to Mahoney, during months 12 through 48 of the plan's duration.[2] (Docket No. 13). The plan was confirmed by order entered on November 9, 2010. (Docket No. 28).

On October 27, 2010, Mahoney appears to have entered into an agreement to sell certain property to Javier Obregon. (Mahoney Exhibit 18-1). Mahoney testified that he sold Tract 3 to Javier Obregon on that date.

Mahoney testified that he first became aware of the instant Chapter 13 case during December, 2011. He testified that he received a letter from Debtor's counsel. The letter, dated December 16, 2011, is in evidence. (Mahoney Exhibit 19).

---

[2] Despite the fact that the property was not Debtor's residence, Debtor listed the treatment of Mahoney's claim under the section of the court's Uniform Plan addressing the treatment of claims secured by a security interest in real property that is the debtor's principal residence.

Mahoney filed two proofs of claim, with respect to the debts regarding Tracts 3 and 4, on January 27, 2012.  (Mahoney Exhibit 28).

In the instant motion at Docket No. 38, Mahoney seeks a declaratory judgment "determining that Mahoney's claim cannot be barred for lack of notice of the Claims Bar Date and deeming such Proof of Claim timely filed pursuant to Bankruptcy Rule 3003(c)," or alternatively, seeks an extension of the claims bar date such that Mahoney's claims are deemed timely filed.

In the instant motion at Docket No. 39, Mahoney seeks dismissal of the case, contending that none of Debtor's creditors received notice of commencement of the case.

Mahoney presented no evidence regarding whether anyone other than Mahoney received notice of the commencement of the instant case.

## Conclusions of Law

With respect to Mahoney's motion to dismiss, Mahoney presented no evidence as to receipt of notice by anyone other than Mahoney.  The court declines to infer from the fact that Mahoney did not receive sufficient notice that no one else received such notice.  The court concludes that the instant motion to dismiss should be denied, without prejudice to the filing of a separate motion to dismiss on other grounds.

The bankruptcy court may extend the bar date to permit late filing of a proof of claim if the movant's failure to comply with an earlier deadline was the result of excusable neglect. Whether a party's neglect of a deadline is excusable is an equitable determination, taking account of all relevant circumstances surrounding the party's omission. In making such a determination, the court should consider the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.), 62 F.3d 730 (5th Cir. 1995).

In the instant case, Mahoney's failure to timely file proofs of claim is the result of excusable neglect. The credible evidence is that Mahoney did not receive any notice of the commencement of the case, and was unaware of the case until late 2011. When Mahoney became aware of the pending case, he appears to have taken reasonable steps to file a proof of claim, and file a motion to address the late claim. The plan, which was confirmed approximately 14 months before Mahoney filed the proofs of claim, calls for payments over 60 months, and provides for treatment of Mahoney's claims. The court concludes that the time for filing proofs of claim should be extended, such that Mahoney's proofs of claim are timely filed.

The court's ruling is limited to the narrow question of whether to extend the time for filing Mahoney's proofs of claim. The court does not reach Mahoney's request for a declaratory judgment, for the reason that the seeking of a declaratory judgment requires the filing of an adversary proceeding. <u>See</u> Rule 7001, Fed. R. Bankr. P.

The court makes no determination at this time as to the allowance of Mahoney's claims, or whether Debtor may be required (and able) to modify the plan to provide for such claims.

The court notes also that there are other entities who may have rights and remedies with respect to the instant case. The court will require that, at a minimum, each of Debtor and Mahoney serve a copy of this Memorandum Opinion on Javier Obregon. The parties will be left free to assert whichever rights and remedies they may have under applicable law, subject to the automatic stay in the instant case.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on May 15, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE